BEFORE THE FIRST DIVISION, JULY 12, 1962

No. 66909.—Judson Sheldon International *v.* United States, protest 61/13388–12354 (Chicago).

OLIVER, Chief Judge: The merchandise the subject of this protest consists of so-called "toe caps," made of a material called polyurethane foam, which were assessed with duty at the rate of 12½ per centum ad valorem, by similitude under paragraph 1559(a), Tariff Act of 1930, as amended by the Customs Simplification Act of 1954, to the manufactures of india rubber, not specially

provided for, enumerated in paragraph 1537(b) of the said act, as modified by T.D. 53865 and T.D. 53877.

The protest claim is that the merchandise is properly dutiable at the rate of 8½ per centum ad valorem under the provisions in paragraph 1558 of the said act, as modified by T.D. 52739 and T.D. 54108, for synthetic rubber articles, and, by amendment of the protest, a claim was added for duty at the rate of 10 per centum ad valorem under the provision in paragraph 1558, *supra*, for non-enumerated manufactured articles, not specially provided for, other than the articles therein provided for *eo nomine*.

A sample of the toecaps is before us as plaintiff's exhibit 1. It consists of an article made of what has been identified as a "foam polyurethane ester" and as a "synthetic resin foam of the polyurethane type." It is of a soft, spongy material, molded in the shape of a toe, with a hollow center, and which is placed over a toe for the purpose of protecting it when soreness or injury is present.

The similitude clause, by virtue of which the merchandise at bar was classified under paragraph 1537(b), *supra*, so far as pertinent, reads as follows:

PAR. 1559. (a) Each and every imported article, not enumerated in this Act, which is similar in the use to which it may be applied to any article enumerated in this Act as chargeable with duty, shall be subject to the same rate of duty as the enumerated article which it most resembles in the particular before mentioned; * * * .

It is a well-established rule in the application of the similitude provisions of the tariff act that to constitute similitude of use the imported article must achieve substantially the same use in substantially the same way as the article enumerated in the dutiable schedules of the tariff act to which it is being compared. *United States* v. *Godillot & Co.*, 3 Ct. Cust. Appls. 128, T.D. 32382.

From a reading of the foregoing excerpt from paragraph 1559(a) and in the light of the rule cited above, it is clear that the basis of the classification was that, in the use to which they may be applied, the imported toecaps most resemble articles made of india rubber which achieve substantially the same results in substantially the same way, i.e., toecaps made of india rubber.

With the purpose of establishing the incorrectness of such classification, plaintiff offered the testimony of two witnesses of considerable experience in the manufacture and sale of products relating to the feet, including toecaps. Their testimony, which was uncontradicted, established that, while it is possible to make a toecap of natural or india rubber, in their experience, no such product has ever appeared in the market. It was pointed out that a toecap made of india rubber would have a great tendency to deteriorate under the influence of perspiration and/or medicinal or chemical preparations which might be used in conjunction with the toecap. Further, it was established that, in their experience, toecaps were not made of any material other than polyurethane foam.

We are of the opinion that, on the record made, plaintiff has successfully rebutted the presumption of correctness attaching to the collector's classification. In other words, plaintiff has established that, in the use to which they may be applied, the imported articles do not "most resemble" articles made of india rubber, because articles having such use are not made of india rubber. Moreover, we think the record establishes that, in the use to which they may be applied, the toecaps at bar do not resemble any articles enumerated in the tariff act as chargeable with duty.

Consequently, it appears that, not being dutiable or free of duty directly under any of the enumerations in the tariff act, and not being dutiable by similitude to any dutiable article enumerated therein, the articles in question are relegated for classification purposes to the provision in paragraph 1558 for nonenumerated manufactured articles.

As has been noted, plaintiff primarily contends that the imported articles were made of synthetic rubber, articles of which are *eo nomine* provided for, by trade agreement modification, in paragraph 1558. In support of this contention, plaintiff offered the testimony of a man who had been a chemist for approximately 25 years. The witness stated that he had received a "P.F." degree from Berlin University, but the nature of such a degree was not further identified, and the court is unable to determine its significance. The witness stated that he had specialized in "rubber chemistry, synthetic and natural polymers."

He described synthetic rubber as—

* * * a material that has certain elastic properties; is a high polymer; has certain elastic properties, stretch, elasticity, recovery, resiliency; resistance against atmospheric influence and certain chemicals; and is made from synthetics, by synthesis, * * *

and stated that, in his opinion, the polyurethane material used in the manufacture of the toecaps at bar was a synthetic rubber because it had the aforementioned properties.

We are of the opinion that the testimony of this witness, standing alone, whether considered to be that of an expert testifying to a fact, or as an aid to the court in seeking to determine the common meaning of the term "synthetic rubber," as used in the tariff provision, as modified, is insufficient as a basis upon which a finding that the polyurethane foam material of which the imported toecaps were made is a synthetic rubber.

From a perusal of such works on the subject as are available to the court, some of which will be referred to, *infra*, it appears that there is, as yet, no general agreement as to what substances or materials are comprehended by the term "synthetic rubber," and we have found no text or treatment of the subject which identifies polyurethane foam as a synthetic rubber material. (See Summaries of Tariff Information, 1948, vol. 15, part 9, pp. 152 ff.; Barron Modern Synthetic Rubbers, 2d ed., 1943, D. Van Nostrand Company, Inc., New York; and the article on "rubber, synthetic," in The Columbia Encylopedia, 2d ed., 1950, Columbia University Press, New York.)

On the record presented, we are satisfied that the plaintiff is entitled to judgment under its claim for duty at the rate of 10 per centum ad valorem under the general provision for nonenumerated manufactured articles in paragraph 1558, as modified.

Judgment will issue accordingly.